[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

RECEIVED

FEB 2 7 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Denise Colette Lowe )
_____ )
_____ )
_____ )
_____ )   CIVIL ACTION
(Name of the plaintiff or plaintiffs) )
                                      )
            v.                        )
                                      )   1:18-cv-01478
Megan J. Brennan, Postmaster )        Judge Robert W. Gettleman
United States Postal Service )        Magistrate Judge Young B. Kim
                                      )
_____ )
(Name of the defendant or defendants) )

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

1. This is an action for employment discrimination.

2. The plaintiff is ___Denise Colette Lowe___ of the

   county of _____ in the state of _____.

3. The defendant is ___Megan J. Brennan___, whose

   street address is ___475 L'Enfant Plaza SW___,

   (city)_____ (county)_____ (state)_____ (ZIP)_____

   (Defendant's telephone number) __(202)__ – __968 - 2000__

4. The plaintiff sought employment or was employed by the defendant at (street address)

   _____ (city)_____

   (county)_____ (state)_____ (ZIP code)_____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

(a) ☒ was denied employment by the defendant.

(b) ☐ was hired and is still employed by the defendant.

(c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month)_____, (day)_____, (year)_____.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

(a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ *has not* ☐ *has* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

(i) ☒ the United States Equal Employment Opportunity Commission, on or about

(month)_____ (day)_____ (year)_____.

(ii) ☐ the Illinois Department of Human Rights, on or about

(month)_____ (day)_____ (year)_____.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is

attached. ☐ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

☐      Yes (month)_____ (day)_____ (year)_____

☐      No, did not file Complaint of Employment Discrimination

(b)    The plaintiff received a Final Agency Decision on (month)_____

(day) _____ (year) _____.

(c)    Attached is a copy of the

     (i) Complaint of Employment Discrimination,

     ☐ YES     ☐ NO, but a copy will be filed within 14 days.

     (ii) Final Agency Decision

     ☐ YES     ☐ NO, but a copy will be filed within 14 days.

8.    *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐    the United States Equal Employment Opportunity Commission has not issued

a *Notice of Right to Sue.*

(b) ☒    the United States Equal Employment Opportunity Commission has issued a

*Notice of Right to Sue*, which was received by the plaintiff on

(month)_____ (day)_____ (year)_____ a copy of which

*Notice* is attached to this complaint.

9.    The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☒   Age (Age Discrimination Employment Act).

(b) ☒   Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☒ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☒ failed to hire the plaintiff.

(b) ☐ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☒ other (specify):_____

_____

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

13. The facts supporting the plaintiff's claim of discrimination are as follows:

"Failure to Hire" On Thursday, September 22, 2016 at 8:00 Am at CIMSC-North building, 11560 West Irving Park Road - 2 Floor The work location were for the Busse facility located at 2951 Busse road, Elk grove Village, IL. 60004. This particular position was seasonal PSE which ended on or About January 8, 2017. Filed Complaint on Oct. 15, 2016

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☒ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☒ Direct the defendant to (specify): _____

_____

5

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

_____

(g) ☒  If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☐  Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

_Denise C. Lowe_

(Plaintiff's name)

_Denise C. Lowe_

(Plaintiff's street address)

_249 East U.S. Route 6  #164_

_____

(City) _Morris_      (State) _IL._   (ZIP) _60450_

(Plaintiff's telephone number) (____) – _____

Date: _2/27/2018_

6

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Name: Denise Colette Lowe
Mailing Address: 249 East US Route 6 #164, Morris, Illinois. 60450
E-Mail Address: paralegalwork@gmx.com

# Intent to file a lawsuit

March 24, 2017

Equal Employment Opportunity Commission
Office of Federal Operations
Federal Sector Programs
PO Box 77960
Washington, DC 20013-8960

**RECEIVED**

**APR 0 4 2017**

**EEOC/OFO**

This letter services as the formal notice of my intent to file a lawsuit against United States Postal Service for Discrimination. Under Civil Rights VII Act and declamatory

Detail include "failure to hire" ineligibility for 09/25/2015 with a score of 78. On November 14, 2014 a score of 77 Eligible, but claiming after taking background check, finger prints, and drug testing, not eligible for employment.

If you wish to resolve this matter without court action, [terms of settlement] within 30 days before further action is taken. If I do not hear from your company. I will initiate a lawsuit.

Your punctual attention is appreciated

*Denise C. Lowe*
(Signature)

*Denise C. Lowe*
(Print)

## CERTIFICATE OF SERVICE

I hereby certify that on this ____30____ day of _March_ 2017. I placed a true and correct copy of the foregoing PLEADING/DOCUMENT with SIGNATURE(S) AND FORMAL COMPLAINTS TO PLAINTIFF' COMPLAINT. OF APPEAL was mailed to defendant(s) and counsel for defendant(s) at EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, U.S. Postal Service, P.O. Box 77960, WASHINGTON DC 20013-8960 in the United States Mail, postage prepaid, addressed to counsel on the attached service list:

*Denise C. Lowe*
(SIGNATURE)

Thursday, March 30, 2017

# Denise C. Lowe

Mailing Address: 249 East US Route 6 #164, Morris, Illinois 60450

Cell Phone: (717) 271-6471

paralegalwork@gmx.com

RE: Intent to file a lawsuit   # 4J-530-0025-17

Dear EEOC:

The purpose of this letter is to file an appeal. I am filing an appeal today. I write this discrimination appeal letter in regards to your company's failure to hire. I am sure what leads to several discrimination, but uncertain why several people engaged in this decision.

On September 22, 2016, I attended an interview session and at that particular time, I went through the entire interview process, which include the interview and finger prints. At the time of the interview, the interviewer gave me a list of things to fax back to Diane White. This list of documents were faxed to her on September 25, 2016 with a confirmation number given. Thereafter, I was e-mailed to go immediately within 3 days and complete I drug testing, this testing was given on October 9, 2016. Then, on about close to the start date, I have not received any information regarding a start date, which everyone else would begin work on November 11, 2016 for approximately two months.

Meanwhile, I sent out an e-mail to Diane White, she stating "I would get back to you", and find out why you was not called for a start date. As the results, never heard from her. Statement of intent to file a civil action under section 15(d) of the Age Discrimination in Employment Act of 1967, as amended.

§623

(1) To fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because an individual age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his statutes as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter

2. The personal profile is Denise Colette Lowe, the mailing address is 249 East US Route 6 #164, Morris, Illinois of the applicant.

3. The name of the complainant's designated representative is Barbara West, and her address is telephone number is (214) 760- 4654.

-Thursday, March 30, 2017

4. The name of the location of the MAIL HANDLER ASSISTANT - BISMARCK ND NB94968182, NC94968197,Dakotas District., and PSE MAIL PROCESSING CLERK - ELK GROVE VILLAGE IL NC10037928.

Checklist for position completed for Elk Grove Village, Illinois:
1. Interview, Thursday, September 22, 2016.
2. Finger Print, Thursday, September 22, 2016.
3. Drug Testing, October 13, 2016
4. 11/14/2016 expires
5. 03/2015 retaken exam until different email address, jobsapplied@outlook.com with different account number but same name. The different account is D8914522.
6. Can you send me a link to schedule a new exam today? So everything can be up-to-date.
7. All transcripts and school dates, and location faxed to Diane White on September 25, 2016.

Thank you

*Denise C. Lowe*

Moreover, on about January 19, 2016, I apply for a full-time position in the Bismarck, ND plant.location, I received an e-mail to take a drug testing and background check. On about April 2016, I complete the drug testing and never received any e-mails concerning this position. I applied for several position and called Mike in the Grand Forks, ND postal service and he said North Carolina have not release your profile. I cannot help you until they release your profile.

Thanks

*Denise C. Lowe*
(Signature)

*MARCH 30, 2017*

**Sample Hearing Request Letter**

New York State and Local Retirement System (NYSLRS)
Attn: Gayle Everitt, Director of Hearing Administration
110 State Street,  MD 7-9A
Albany, NY 12244
Fax: (518) 402-4137
Email: Hearings@osc.state.ny.us

Re: _____
*(please print name of NYSLRS member)*

Registration Number: _____
*(NYSLRS reg. #)*

Social Security Number: _____
*(Last 4 digits only if reg. # is unknown)*

Dear New York State and Local Retirement System,
    I am requesting a hearing because I disagree with the final agency determination mailed on *(date of determination or letter).*

        Sincerely,

        _____
        *(your signature)*

        _____
        *(date)*

        _____
        *(your address)*

        _____
        *(your email address)*

        _____
        *(your telephone number including area code)*

# MEMORANDUM

**To: Senior Partner, ABC Law Firm**

**From: Eric Martinez, Paralegal, ABC Law Firm**

**Re: Jerry Smith v. Robert and Katherine Bain**

### Issue

Whether, pursuant to Fla. Stat. § 768.125, defendant social private party hosts are liable for making alcohol available to a minor who subsequently became intoxicated and injured third party plaintiff in a car accident.

### Rule

Fla. Stat. § 768.125 provides:

> A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person, except that a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age or who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such minor or person.

Fla. Stat. § 768.125 was the focal point in *Bankston v. Brennan,* where plaintiff's suit was dismissed against a social private party host after the host served alcoholic beverages to a minor who subsequently crashed into plaintiff's vehicle. *Bankston v. Brennan* 507 So. 2d 1385, 1987. The 4th District Court of Appeals held that Fla. Stat. § 768.125 did not create a cause of action in favor of a person injured by an intoxicated minor driver who was served alcoholic beverages by a social private party host.

The 4th DCA's decision in *Brennan* was ultimately upheld by the Florida Supreme Court. One of the issues the court discussed was whether liability for a social private party host could be inferred based upon the Florida Joint Legislative Management Committee's decision to codify Fla. Stat. §768.125 in Florida's Negligence Chapter, rather than the Beverage Law Enforcement Chapter as directed by the legislature. In its opinion, the court stated:

> It would be anomalous and illogical to assume that Fla. Stat. § 768.125, which was enacted to limit preexisting vendor liability, would simultaneously create an entirely new and distinct cause of action against a social private party host, where that cause of action was previously unrecognized by the common law, statute, or judicial decree and the legislature was presumably aware of the court's prior decisions. *Bankston v. Brennan*, 507 So. 2d 1385, 1987 (Fla. 1987).

The court held that the decision by Florida's Joint Legislative Committee to codify the law in Florida's Negligence Chapter was not controlling. Thus, the Court refused to infer liability on part of a social private party host based upon the placement of Fla. Stat. § 768.125, stating:

> [To] attach legal significance to the placement of [Fla. Stat. § 768.125] in the Negligence chapter, instead of its placement in the chapter on Beverage Law Enforcement as directed by the legislature which enacted [Fla. Stat. § 768.125], would in effect allow the Joint Legislative Management Committee, authorized by section 11.242(5)(e) to transfer acts, to alter the substance of a statute. This we refuse to do. *Bankston v. Brennan,* 507 So. 2d 1385, 1987 (Fla. 1987).

**Application**

The facts presented in the current matter are similar to those in *Brennan* and thus, requires a similar application of law. Both cases involve a social private party host that made alcohol available to a minor who subsequently became intoxicated and injured a third party driver.

Defendants in the current matter knowingly furnished alcohol to the party attendees, including Sara Estes, who was below the legal drinking age in Florida. The fact that defendants furnished beer and wine, and not liquor, is irrelevant to the primary issue of whether there is liability for a private party social host pursuant to Fla. Stat. § 768.125.

Although Fla. Stat. § 768.125 is codified in Florida's Negligence Chapter, it is not controlling in this instance. The *Brennan* court was clear that the "polestar" in statutory construction is the legislative intent behind passage of the bill. Fla. Stat. § 768.125 was intended to apply to commercial vendors, hence why the original bill was directed by the legislature to be codified in Florida's Beverage Law Enforcement Chapter. The Florida Joint Legislative Management Committee does not have the authority to modify the Florida Legislature's clear intent behind the passage of Fla. Stat. § 768.125.

Based upon the 4th DCA and Florida Supreme Court's decision in *Brennan,* it is likely that a court would not find defendants liable for plaintiff's injuries solely based upon the applicability of Fla. Stat. § 768.125 on a social private party host.

Defendant's requirement that all attendees sign a contract agreeing to spend the night at the house if they drank alcohol is a moot point on the issue of whether liability exists pursuant to Fla. Stat. § 768.125. Fla. Stat. § 768.125 provides a remedy for parties injured by a commercial alcohol vendor under tort law, not contract law. In addition, *Brennan* is clear that liability under the statute was not designed to create liability for a social private party social host.

**Conclusion**

It is unlikely that defendants will be held liable solely based upon the applicability of Fla. Stat. §768.125. Although, defendants provided alcohol to a minor who subsequently crashed into plaintiff, the 4th DCA and Florida Supreme Court decisions in *Brennan* clearly state that the

statute applies to commercial alcohol vendors, nor social private party hosts. Because there is no statutory cause of action available to plaintiff under Fla. Stat. § 768.125, defendants' case will likely be dismissed.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Denise Lowe, a/k/a
Isabel F,[1]
Complainant,

v.

Megan J. Brennan,
Postmaster General,
United States Postal Service
(Great Lakes Area),
Agency.

Appeal No. 0120171949

Agency No. 4J-530-0025-17

DECISION

Complainant filed a timely appeal with this Commission from the Agency's final decision dated April 13, 2017, dismissing a formal complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq., the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq., and Title II of the Genetic Information Nondiscrimination Act of 2008 (GINA), 42 U.S.C. Ş 2000 ff et seq.

BACKGROUND

On December 21, 2016, Complainant, a job applicant for employment with the Agency in Elk Grove, Illinois and Bismarck, North Dakota, initiated EEO Counselor contact. Informal efforts to resolve her concerns were unsuccessful.

On March 28, 2017, Complainant filed the instant formal complaint. Therein, Complainant alleged that the Agency subjected her to discrimination on the bases of national origin, religion, disability, age, genetic information, and in reprisal for prior EEO activity when:

on October 15, 2015 and September 22, 2016, she was denied employment.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                              0120171949

In its April 13, 2017 final decision, the Agency dismissed the formal complaint for untimely EEO Counselor contact, pursuant to 29 C.F.R. § 1614.107(a)(2). The Agency determined that Complainant's initial EEO Counselor contact was on December 21, 2016, which it found to be beyond the 45-day limitation period.

The instant appeal followed. Complainant, on appeal, states that on September 22, 2016, she went through the interview process. Complainant states further that at the time, the interviewer "gave me a list of things to fax back to [Agency official] ...thereafter, I was e-mailed to go immediately within 3 days and complete drug testing, this testing was given on October 9, 2016. Then, on about close to the start date, I have not received any information regarding a start date, which everyone else would begin work on November 11, 2016 for approximately two months. Meanwhile, I sent out an e-mail to [Agency official], she stating 'I would get back to you,' and find out why you were not called for a start date. As the results, never heard from her."

## ANALYSIS AND FINDINGS

EEOC Regulation 29 C.F.R. § 1614.105(a)(1) requires that complaints of discrimination should be brought to the attention of the Equal Employment Opportunity Counselor within forty-five (45) days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within forty-five (45) days of the effective date of the action.

The Agency improperly dismissed Complainant's complaint on the grounds of untimely EEO Counselor contact.

First, we note that it appears from a review of the record that Complainant, a job applicant, was not aware of her EEO rights or who she needed to contact to initiate the EEO complaint process. We acknowledge that the record indeed contains a copy of the Supervisor Customer Service's affidavit of the Elk Grove, Illinois facility dated May 25, 2017. Therein, the Supervisor Customer Service stated that during the relevant period that there were EEO posters advising employees of the requisite 45-day time frame to initiate EEO contact posted on the bulletin boards near the break room and safety center area, advising employees of the requisite 45-day limitation period to initiate EEO Counselor contact. The Supervisor Customer Service also submitted a copy of the EEO poster in support of his assertions. We note, however, as discussed above, that Complainant may have lacked any awareness of the limitation period.

Second, we are unable to ascertain with any precision, the exact date that an alleged discriminatory event purportedly occurred. Instead, a reasonable suspicion of discrimination appears to have evolved over a passage of time, from the initial interview process in September 2016, through Complainant's undergoing drug testing in October 2016, through Complainant never receiving any precise information concerning her status, which culminated in her initial EEO contact in December 2016.

3                                                                  0120171949

Under these circumstances, we exercise our discretion to excuse any delay that Complainant may have had in seeking EEO counseling. See 29 C.F.R. § 1614.604(c).

Therefore, we REVERSE the Agency's final decision dismissing Complainant's formal complaint for untimely EEO Counselor contact, and we REMAND this matter to the Agency for further processing in accordance with the ORDER below.

## ORDER (E1016)

The Agency is ordered to process the remanded claim in accordance with 29 C.F.R. § 1614.108. The Agency shall acknowledge to the Complainant that it has received the remanded claims **within thirty (30) calendar days** of the date this decision was issued. The Agency shall issue to Complainant a copy of the investigative file and also shall notify Complainant of the appropriate rights **within one hundred fifty (150) calendar days** of the date this decision was issued, unless the matter is otherwise resolved prior to that time. If the Complainant requests a final decision without a hearing, the Agency shall issue a final decision **within sixty (60) days** of receipt of Complainant's request.

A copy of the Agency's letter of acknowledgment to Complainant and a copy of the notice that transmits the investigative file and notice of rights must be sent to the Compliance Officer as referenced below.

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0617)

Compliance with the Commission's corrective action is mandatory. The Agency shall submit its compliance report **within thirty (30) calendar days** of the completion of all ordered corrective action. The report shall be in the digital format required by the Commission, and submitted via the Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The Agency's report must contain supporting documentation, and the Agency must send a copy of all submissions to the Complainant. If the Agency does not comply with the Commission's order, the Complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The Complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. See 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the Complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File a Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). **If the Complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated.** See 29 C.F.R. § 1614.409.

4                                                                    0120171949

## STATEMENT OF RIGHTS - ON APPEAL
## RECONSIDERATION (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (R0610)

This is a decision requiring the Agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. In the alternative, you may file a civil action **after one hundred and eighty (180) calendar days** of the date you filed your complaint with the Agency, or filed your appeal with the Commission. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office,

5                                                                  0120171949

facility or department in which you work.   **Filing a civil action will terminate the administrative processing of your complaint.**

<u>RIGHT TO REQUEST COUNSEL</u> (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

SEP 1 2 2017
Date

§ 6.7 A Complaint

## UNITED STATES EASTERN DISTRICT COURT
## STATE OF ILLINOIS

| | | |
|---|---|---|
| DENISE COLETTE LOWE | ♨ | CASE NO. _____ |
| Plaintiffs, | ♨ | |
| v. | ♨ | **COMPLAINT** |
| Megan | ♨ | |
| United States Postal Service | ♨ | |
| Defendant(s), | ♨ | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Comes now the Plaintiff, Denise Colette Lowe, and the cause of action against the Defendant(s), and each of them, complain and allege as follows:

Ms. J. Megan

General Postmaster

United States Postal Service

## GENERAL ALLEGATIONS
### (Against all Defendants)

**1.**

Plaintiff are now and always relevant have been residents of Morton County, state of

North Dakota and employment status for the state of Illinois

2.

Defendants are now and at all times relevant have been residents of Cook County, State of Illinois

3.

EMPLOYMENT DISCRIMINATION. On or around about March through September 23, 2016, Denise C. Lowe, Plaintiff, Pre-employment applicant, as a seasonal/ PSE full time associate, in which as a production mail handler. Defendant(s) discriminated against potential employee by NOT considering the applicant for any employment under Title VII of 1964 CIVIL RIGHTS ACT. Under this CIVIL RIGHTS Act, the defendants refuse to hire the plaintiff, after an initial interview, which then a finger printing process was required, then, after, a drug screen was completed, twice in one-year period for the area of Elk Grove, Illinois, (Chicago Region), and Bismarck, ND plant

4.

INVASION OF PRIVACY. On or around about December, 2015, plaintiff applied for position PSE located in Bismarck, ND. In Additional around October 2015, plaintiff completed a written exam, with a result of 78. The exam was not listed on the exam board on-line, only the November 2014 with an expiration date of 2020. Company change the law, the exam end date posted after interview process was November 2016. After completing the interviewing process, which included background check, exams, drug testing, and finger printing. The Applicant was not sent an e-mail to start position applied for on November 14, 2016, nor did Applicant receive proper procedures in the State of North Dakota. Denise C. Lowe, Applicant, only was drug tested, background checked, and finger printed. Applicant scheduled a background test and a drug screen

for the Bismarck area. About or around April 2016, she went into the Bismarck location, and ask about her status, and a Post master from Dickerson, ND gave her a finger print test and sent results to South Dakota, never heard back. Plaintiff did not receive an information via e-mail concerning the status of her application. The result was the process of the fingerprinting AND/OR drug screening was not supposed to be given without an interview. The Supervisor from the Bismarck office told her the interview was the first step, she was not supposed to have a background check, drug testing, or fingerprint before the interview. In addition, Applicant applied for several other positions posted for the area of North Dakota and North Carolina would not release profile. Applicant lost opportunity for North Dakota in November 2016 for Mail Sorter position in the plant located in North Dakota with a pay scale of $16.60/hr

5.

INTENTIONAL INFLICTION EMOTIONAL DISTRESS. On or around September 22, 2016, plaintiff was scheduled for an interview, in which the interview requires the finger print process, plaintiff gave finger print, and about or around October, 2016 she was schedule to complete drug screening, after the drug screening she did not receive any more e-mails concerning the position she applied for as a seasonal PSE and/or regular full-time employment.

6.

As the plaintiff arrive at the interview, the interviewer request that the Plaintiff fax ALL requested documents back to Deborah White. All Request documents were sent via fax to Mrs. White. Plaintiff never received e-mail from inspector General or Mrs. White.

7.

Plaintiff have <u>NOT</u> been offered any employment opportunities after completing ALL requirements for any position applied.

AGE DISCRIMINATION.

RELIGION DISCRIMINATION.

## XI.

## FIRST CAUSE OF ACTION

### (Negligence)

Plaintiff hereby incorporate and reallege Paragraphs I through 10, as through fully set forth at length herein.

## XII.

Defendant had a duty to obey Rehabilitation Act of 1973 of the state and county where the incident occurred, and by failing to do so acted in a negligent manner.

## XIII.

As a result of Defendant's negligent conduct stated above, Plaintiff have suffered specific damages, including, but not limited to, medical expenses and lost wages.

## SECOND CAUSE OF ACTION

### (NEGLIGENCE PER SE)

**XII.**

Plaintiff hereby reallege and incorporate by reference Paragraphs I through X, inclusive, as if set out in full herein.

**XIII.**

Defendant owned a duty to the New Applicant of the organization for wrongdoing in a manner consistent with the laws of the United States Constitution.

**XIV.**

As a direct

WHEREFORE, Plaintiffs pray for judgment against the defendant as follows:

1. For general damages in excess of $ 38,000,000.00

2. For loss of earnings and earnings capacity, according to proof,

3. For medical expenses, future medical expenses, and all incidental expenses, according to proof,

4. For interest from the date of the incident to the time of judgment,

5. For costs of suit incurred herein,

6. For attorney's fees incurred herein, and

7. For such other and further relief as the Court deems proper.

DATED this _____ day of _____, 2016

_____

Attorney Name

State Bar No. 1907

Address

Attorney for Plaintiffs

**Enc.** Complaint; ALL documents

**CC.** Equal Employment Opportunity Commission; Northern District Federal Court of Illinois; District of Columbia Washington DC;

# CERTIFICATE OF SERVICE